IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and TWIN CITY INSURANCE COMPANY,** )<br>)<br>)<br>)<br>    Plaintiffs/Counter-Defendants, )<br>)<br>vs. )<br>)<br>**FREDMAN BROTHERS FURNITURE COMPANY, INC.,** )<br>)<br>)<br>    Defendant/Counter-Plaintiff. ) | CIVIL NO. 05-627-GPM |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on February 6, 2006, for a hearing on a motion to dismiss counterclaim filed by Hartford Fire Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City") (Doc. 13). In a nutshell, Hartford and Twin City seek payment from Fredman Brothers Furniture Company, Inc. (Fredman Brothers) for outstanding premiums ($196,856.00) for retrospective rating agreements and various workers' compensation policies issued to Fredman. Fredman filed a five count counterclaim (*see* Doc. 7) against Hartford and Twin City alleging breach of contract (Counts I and III) and negligence (Count II and IV) in the handling of its claims, and also seeking statutory penalties under the Illinois Insurance Code, 215 ILCS 5/155 (Count V).

The Court has subject matter jurisdiction under 28 U.S.C. § 1332. Hartford is a Connecticut corporation with its principal place of business in Connecticut; Twin City is an Indiana corporation

with its principal place of business in Connecticut; Fredman is an Illinois corporation with its principal place of business in Missouri (*see* Doc. 5, paras. 2-4). The amount in controversy requirement is met by virtue of the prayer for relief in the complaint in excess of the jurisdictional minimum.

The motion to dismiss challenges the sufficiency of the counterclaim. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, a court accepts as true all well-pleaded facts alleged and draws all reasonable inferences from those facts in favor of the non-movant. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). A motion to dismiss is properly granted only if it appears beyond doubt that a plaintiff (in this case, counter-plaintiff) is unable to prove any set of facts which would entitle it to relief. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

For the reasons set forth on the record and below, the Court finds that under Illinois law, Fredman's remedy is limited to breach of contract. *See Voyles v. Sandia Mortgage Corp.*, 751 N.E.2d 1126 (Ill. 2001); *Cramer v. Insurance Exchange Agency*, 675 N.E.2d 897 (Ill. 1997). Accordingly, the negligence claims in Counts II and IV fail.

Similarly, Count V fails because Fredman's claim is not based on a valid claim for coverage. It simply incorporates the allegations of negligence from Counts II and IV, which the Court finds do not state a viable claim.

The breach of contract claims (Counts I and III) survive Hartford's motion. While Hartford's arguments about the specific allegations may raise evidentiary issues or, even more likely, a heated discovery dispute down the road, the Court does not find that these counts fail to state claims for breach of contract. What discovery and what proof of those claims will be allowed will have to be

determined at a later time.

Accordingly, the motion to dismiss (Doc. 13) is **GRANTED in part and DENIED in part**, and Counts II, IV, and V of Fredman's counterclaim (Doc. 7) are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  02/13/06

                                                s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                Chief United States District Judge